## United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date: __02/14/2008__

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

# FILED
## FEB 1 4 2008   NH
### MICHAEL W. DOBBINS
### CLERK, U.S. DISTRICT COURT

Case Number: __07AD00576__

Case Name: __American International Group Inc vs Baron & Budd PC__

Notice of Appeal Filed: __01/18/2008__

Appellant: __Baron & Budd__

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | | |
|---|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | | Supplemental to the Record |
| ✓ | Designation | ✓ | Notice of Appeal |
| ✓ | Statement of Issues | | Copy of Documents Designated |
| | Transcript of Proceeding | ✓ | Exhibits |
| | | | Expedited Notice of Appeal |
| | | ✓ | Certified Copy of Docket Sheet |

Additional Items Included

[ ] _____

08CV945
JUDGE COAR
MAGISTRATE JUDGE MASON

[ 2 ] Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

[ ] _____
_____

Previous D C Judge _____   Case Number _____

By Deputy Clerk _____   Haley F Poindexter

# ORIGINAL

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>ARTRA GROUP, INC. | Chapter 11<br><br>Case No. 02-B21522 (PSH) |
| AMERICAN INTERNATIONAL GROUP, INC.<br><br>Plaintiff,<br><br>-- against --<br><br>BARON & BUDD and JOHN HENRY PACE,<br><br>Defendants. | Adv. Pro. No. 07-00576 (PSH)<br><br>Hon. Pamela Hollis |

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 1 8 2008
KENNETH S. GARDNER, CLERK
BY UNITED STATES BANKRUPTCY COURT

## NOTICE OF APPEAL

John Henry Pace and Baron & Budd, the Defendants, appeal under 28 U.S.C. § 158(a)

from the order of the bankruptcy judge granting summary judgment in favor of Plaintiff American

International Group, Inc., entered in this adversary proceeding on the 10th day of January, 2008.

(*See* attached Final Judgment of Injunction Including Findings of Facts and Conclusions of Law).

The names of all parties to the judgment, order, or decree appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

### Counsel for Defendants John Henry Pace and Baron & Budd, P.C.

> Sean R. Cox
> Baron & Budd, P.C.
> 3102 Oak Lawn Ave., Suite 1100
> Dallas, TX 75219
> (214) 521-3605

**PAID**
JAN 1 8 2008
KENNETH S. GARDNER, CLERK
BY UNITED STATES BANKRUPTCY COURT

**Counsel for Plaintiff American International Group, Inc.**

Michael S. Davis
Zeichner, Ellman, & Krause LLP
575 Lexington Ave.
New York, NY 10022
(212) 826-5311

Clausen Miller
Colleen A. Brown
John F. O'Brien
Clausen Miller P.C.
10 S. LaSalle St.
Chicago, IL 60603
(312) 855-1010 or (312) 606-7818

Respectfully Submitted,

BARON & BUDD, P.C.

By: _____
Sean R. Cox, *pro hac vice*

3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605
(214) 599-1171 (Fax)
scox@baronbudd.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of January, 2008, a true and correct copy of the foregoing document was served via U.S. First Class Mail, postage prepaid, upon lead counsel for Plaintiff, as follows:

Michael S. Davis
ZEICHNER, ELLMAN, & KRAUSE LLP
575 Lexington Ave.
New York, NY 10022

Clausen Miller
Colleen A. Brown
John F. O'Brien
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, IL 60603

Sean R. Cox

CLOSED, APPEAL

## U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Adversary Proceeding #: 07-00576
### Internal Use Only

*Assigned to:* Pamela S. Hollis
*Related BK Case:* 02-21522
*Related BK Title:* Artra Group Incorporated and American Motorists Insurance Co
*Related BK Chapter:* 11
*Demand:*
*Nature[s] of Suit:* 72 Injunctive relief - other

*Date Filed:* 06/22/07
*Date Terminated:* 01/10/08
*Date :* 06/22/07

# FILED

NR

FEB 1 4 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**Plaintiff**

------------------------

**American International Group Inc**

represented by **Clausen Miller**
10 South Lasalle Street
Suite 1600
Chicago, IL 60603
312-855-1010
*LEAD ATTORNEY*

**Colleen A Brown**
Clausen Miller Pc
10 S Lasalle St
Chicago, IL 60603
312-855-1010
*LEAD ATTORNEY*

**John F O'Brien**
Clausen Miller PC
10 South LaSalle Street
Chicago, IL 60603
312 606-7818
Fax : 312 606-7777
Email: jobrien@clausen.com

**Michael S Davis**
Zeichner Ellman & Krause LLP
575 Lexington Ave
New York, NY 10022
(212)826-5311
*LEAD ATTORNEY*

This is to certify that the within and attached document is a full, true, and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois

KENNETH S. GARDNER
CLERK OF COURT
By
Deputy Clerk
Dated 2-14-08

08CV945
JUDGE COAR
MAGISTRATE JUDGE MASON

V.

**Defendant**

----------------------

**Baron & Budd, P C**                    represented by **Alan B. Rich**
                                         Baron & Budd, P.C.
                                         3102 Oak Lawn Avenue
                                         Dallas, TX 75219
                                         214 525-3729
                                         Fax : 214 599-1171
                                         Email: arich@baronbudd.com

                                         **Sean Reed Cox**
                                         *LEAD ATTORNEY*

**John Henry Pace**                      represented by **Alan B. Rich**
                                         (See above for address)

                                         **Sean Reed Cox**
                                         *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 06/22/2007 | 1 | (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))): Transferred Case (Johnson, Michael) **Corrective Entry:** (01 (Determination of removed claim or cause)):Notice of Removal Modified on 6/26/2007 (Krystavel, Kara). Additional attachment(s) added on 6/26/2007 (Krystavel, Kara). (Entered: 06/22/2007) |
| 06/22/2007 | 2 | Receipt of Transferred Case from District of United States District Court, Northern District of Illinois, . (Johnson, Michael) (Entered: 06/22/2007) |
| 06/26/2007 | 3 | Certified Copy of Order from U S District Court Dated: 6/12/2007, by Judge Matthew F. Kennelly, Re: Civil Action Number: 07 C 1912. Case is Removed to the BankruptcyCourt under 28 USC 157(a) (RE: 1 Removed Case, ). Signed on 6/26/2007 (Krystavel, Kara) (Entered: 06/26/2007) |
| 07/26/2007 | 4 | Appearance Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: 07/26/2007) |
| 07/26/2007 | 5 | Appearance for Colleen A. Brown Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: 07/26/2007) |
| 07/26/2007 | 6 | Appearance for Margaret J. Orbon Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: 07/26/2007) |
| 07/26/2007 | 7 | Appearance for James V. Hoeffner Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: |

|  |  | 07/26/2007) |
|---|---|---|
| 07/26/2007 | ●8 | Notice of Motion and Motion For Summary Judgment in favor of American International Group, Inc. and against Baron & Budd, P.C. and John Henry Pace Filed by John F O'Brien on behalf of American International Group Inc. Hearing scheduled for 8/2/2007 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Attachments: # 1 Statement of Uncontested Facts# 2 Exhibit A - part 1 of 3# 3 Exhibit A - part 2 of 3# 4 Exhibit A - part 3 of 3# 5 Memorandum of Law# 6 Proposed Order No. 1# 7 Proposed Order No. 2) (O'Brien, John) (Entered: 07/26/2007) |
| 07/26/2007 | ●9 | Notice of Motion and Motion For Summary Judgment in favor of American International Group, Inc. and against Baron & Budd, P.C. and John Henry Pace Filed by John F O'Brien on behalf of American International Group Inc. Hearing scheduled for 8/2/2007 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Attachments: # 1 Statement of Uncontested Facts# 2 Exhibit A - Part 1 of 3# 3 Exhibit A - Part 2 of 3# 4 Exhibit A - Part 3 of 3# 5 Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment# 6 Proposed Order No. 1# 7 Proposed Order No. 2) (O'Brien, John) (Entered: 07/26/2007) |
| 07/27/2007 | ●10 | Certificate of Service Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: 07/27/2007) |
| 07/27/2007 | ●11 | Withdrawal of Document Filed by John F O'Brien on behalf of American International Group Inc (RE: 8 Motion for Summary Judgment,, ). (O'Brien, John) (Entered: 07/27/2007) |
| 08/01/2007 | ●12 | Order and Notice (RE: 1 Transfer Case, ). Status Hearing scheduled for 9/18/2007 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. Signed on 8/1/2007 (Scott, Kelvin) (Entered: 08/02/2007) |
| 08/02/2007 | ●15 | Order Scheduling (RE: 9 Motion for Summary Judgment,). Baron & Budd, Pace and the Artra 524(g) Asbestos Pl Trust shall Respond by 9/20/2007. Baron & Budd may move for Summary Judgment by 9/20/2007. AIG shall Respond and Reply by: 10/2/2007. Baron & Budd, pace and the Turst shall Reply by 10/9/2007. Status hearing to be held on 10/23/2007 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. Signed on 8/2/2007 (Burton, Shenitha) (Entered: 08/06/2007) |
| 08/03/2007 | ●13 | (E)Order Withdrawing Motion For Summary Judgment (Related Doc # 8). Signed on 08/03/2007. (Austin, Lynda) (Entered: 08/03/2007) |
| 08/03/2007 | ●14 | Hearing Continued (RE: 9 Summary Judgment). Hearing Scheduled |

| | | |
|---|---|---|
| | | for 10/23/2007 at 10:30 AM at Courtroom 644 219 South Dearborn, Chicago, IL, 60604. (Austin,Lynda) (Entered: 08/03/2007) |
| 08/13/2007 | ●16 | CORRECTIVE ENTRY: File date changed to 06/22/2007 (RE: 1 Transfer Case, ). (Krystavel, Kara) (Entered: 08/13/2007) |
| 09/18/2007 | ●17 | Hearing Continued (RE: 1 Transfer Case, ). Status hearing to be held on 10/23/2007 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Austin, Lynda) (Entered: 09/18/2007) |
| 09/20/2007 | ●18 | Response in Opposition to (related document(s): 9 Motion for Summary Judgment,, ) Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | ●19 | in Opposition Declaration Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 9 Motion for Summary Judgment,, ). (Attachments: # 1 Exhibit A# 2 Exhibit B) (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | ●20 | Statement Response to Plaintiff's Statement of Undisputed Facts Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 9 Motion for Summary Judgment,, ). (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | ●21 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE** Proposed Findings of Fact and Conclusions of Law Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 9 Motion for Summary Judgment,, ). (Rich, Alan) Modified on 9/21/2007 (Huley, Linda). (Entered: 09/20/2007) |
| 09/20/2007 | ●22 | Notice of Filing Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 18 Response, 21 Proposed Findings of Fact and Conclusions of Law, 20 Statement, 19 Declaration). (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | ●23 | Notice of Motion and Motion For Summary Judgment in favor of Defendants and against Plaintiff for Sn/a Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace. Hearing scheduled for 10/23/2007 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | ●24 | Declaration Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 23 Motion for Summary Judgment, ). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J) (Rich, Alan) (Entered: 09/20/2007) |
| | | |

| | | |
|---|---|---|
| 09/20/2007 | 25 | Brief in Support of Defendants' Motion for Summary Judgment Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace. (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | 26 | Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 23 Motion for Summary Judgment, ). (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | 27 | Notice of Motion, Notice of Hearing, Notice of Filing Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 23 Motion for Summary Judgment, ). Hearing scheduled for 10/23/2007 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Rich, Alan) (Entered: 09/20/2007) |
| 09/20/2007 | 28 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE** Proposed Findings of Fact and Conclusions of Law Filed by Alan B. Rich on behalf of Baron & Budd, P C, John Henry Pace (RE: 23 Motion for Summary Judgment, ). (Rich, Alan) Modified on 9/21/2007 (Huley, Linda). (Entered: 09/20/2007) |
| 09/21/2007 | 29 | CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: 21 Proposed Findings of Fact and Conclusions of Law,, 28 Proposed Findings of Fact and Conclusions of Law, ). (Huley, Linda) (Entered: 09/21/2007) |
| 09/28/2007 | 30 | Motion for Sean Reed Cox to Appear Pro Hac Vice Filed by Sean Reed Cox on behalf of Baron & Budd, P C , John Henry Pace . (Scott, Kelvin) (Entered: 10/01/2007) |
| 10/02/2007 | 31 | Reply in Support to Filed by John F O'Brien on behalf of American International Group Inc (Attachments: # 1 Affidavit # 2 Affidavit # 3 Affidavit # 4 Affidavit) (O'Brien, John) (Entered: 10/02/2007) |
| 10/02/2007 | 32 | Notice of Filing Filed by John F O'Brien on behalf of American International Group Inc. (O'Brien, John) (Entered: 10/02/2007) |
| 10/02/2007 | 33 | Response in Opposition to Filed by John F O'Brien on behalf of American International Group Inc (Attachments: # 1 Affirmation of James V. Hoeffner (Part 1 of 4)# 2 Affirmation of James V. Hoeffner (Part 2 of 4)# 3 Affirmation of James V. Hoeffner (Part 3 of 4)# 4 Afffirmation of James V. Hoeffner (Part 4 of 4)) (O'Brien, John) (Entered: 10/02/2007) |
| 10/02/2007 | 34 | Response to Filed by John F O'Brien on behalf of American International Group Inc (O'Brien, John) (Entered: 10/02/2007) |
| | | |

| 10/02/2007 | ●35 | Response to Filed by John F O'Brien on behalf of American International Group Inc (O'Brien, John) (Entered: 10/02/2007) |
|---|---|---|
| 10/02/2007 | ●36 | Notice of Filing Plaintiff's Response to Defendants' Statement of Additional Facts and Plaintiff's Response to Defendants' Statement of Uncontested Facts Filed by John F O'Brien on behalf of American International Group Inc (RE: 35 Response, 34 Response). (O'Brien, John) (Entered: 10/02/2007) |
| 10/23/2007 | ●37 | Hearing Continued (RE: 1 Transfer Case, ). Status hearing to be held on 11/27/2007 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Austin, Lynda) (Entered: 10/23/2007) |
| 10/23/2007 | ●38 | Hearing Continued (RE: 9 Summary Judgment). Hearing Scheduled for 11/27/2007 at 10:30 AM at Courtroom 644 219 South Dearborn, Chicago, IL, 60604. (Austin,Lynda) (Entered: 10/23/2007) |
| 10/23/2007 | ●39 | Hearing Continued (RE: 23 Summary Judgment). Hearing Scheduled for 11/27/2007 at 10:30 AM at Courtroom 644 219 South Dearborn, Chicago, IL, 60604. (Austin,Lynda) (Entered: 10/23/2007) |
| 10/23/2007 | ●40 | Motion to Appear Pro Hac Vice Filed by Sean Reed Cox on behalf of Baron & Budd, P C . (Attachments: # 1 Proposed Order) (Scott, Kelvin) (Entered: 10/24/2007) |
| 10/23/2007 | ●41 | Order Scheduling (RE: 23 Motion for Summary Judgment, ). Hearing continued and or possible Oral Ruling on 11/27/2007 at 10:30AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. Signed on 10/23/2007 (Scott, Kelvin) (Entered: 10/26/2007) |
| 10/30/2007 | ●42 | Notice of Motion Filed by Sean Reed Cox on behalf of Baron & Budd, P C (RE: 40 Motion to Appear Pro Hac Vice). Hearing scheduled for 11/27/2007 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Scott, Kelvin) (Entered: 10/31/2007) |
| 11/27/2007 | ●43 | Draft Order (RE: 9 Motion for Summary Judgment, ,, 23 Motion for Summary Judgment, ). due by 12/18/2007. (Miller, Myrtle) (Entered: 11/27/2007) |
| 11/27/2007 | ●44 | Order Granting Motion To Appear Pro Hac Vice (Related Doc # 40). Signed on 11/27/2007. (Scott, Kelvin) (Entered: 12/18/2007) |
| 11/27/2007 | ●45 | Fina Judgment of Injunction Including Findings of Fact and Conclusion of Law, Order Granting Motion For Summary Judgment (Related Doc # 9), Denying for the Reasons Stated on the Record Motion For Summary Judgment (Related Doc # 23). Signed on |

| | | |
|---|---|---|
| | | 11/27/2007. (Burton, Shenitha) (Entered: 01/10/2008) |
| 12/17/2007 | | Deadlines terminated, Motions terminated . (Scott, Kelvin) (Entered: 12/17/2007) |
| 12/18/2007 | | Reopen Document (RE: 40 Motion to Appear Pro Hac Vice). (Scott, Kelvin) (Entered: 12/18/2007) |
| 01/10/2008 | 46 | Adversary Case 1-07-ap-00576 Closed . (Burton, Shenitha) (Entered: 01/10/2008) |
| 01/18/2008 | 47 | Notice of Appeal to District Court. Filed by Sean Reed Cox on behalf of Baron & Budd, P C . Fee Amount $255 (RE: 45 Order on Motion For Summary Judgment, , , ). Appellant Designation due by 1/28/2008. Transmission of Record Due by 2/27/2008. (Poindexter, Haley) (Entered: 01/18/2008) |
| 01/18/2008 | 48 | Notice of Filing to Bk Judge and Parties on Service List (RE: 47 Notice of Appeal, ). (Poindexter, Haley) (Entered: 01/18/2008) |
| 01/18/2008 | 49 | Receipt of Notice of Appeal Fee- $5.00 by CK. Receipt Number 03161871. Payment received from Baron & Budd. (Entered: 01/22/2008) |
| 01/18/2008 | 50 | Receipt of Docketing of Appeal Fee- $250.00 by CK. Receipt Number 03161871. Payment received from Baron & Budd. (Entered: 01/22/2008) |
| 01/29/2008 | 51 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Sean Reed Cox on behalf of Baron & Budd, P C . (RE: 47 Notice of Appeal, ). (Poindexter, Haley) (Entered: 01/29/2008) |
| 01/29/2008 | | Deadlines terminated . (Poindexter, Haley) (Entered: 01/29/2008) |
| 02/04/2008 | 52 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by John F O'Brien on behalf of American International Group Inc.. (Attachments: # 1 Notice of Filing and Certificate of Service) (O'Brien, John) (Entered: 02/04/2008) |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE<br><br>  ARTRA GROUP, INC.<br><br>AMERICAN INTERNATIONAL GROUP, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>BARON & BUDD, P.C. and JOHN HENRY PACE,<br><br>Defendants. | Chapter 11<br><br>Case No.:   02 B21522 (PSH)<br><br>Adv. Pro. No. 07-00576 (PSH)<br><br>Hon. Pamela Hollis |

**FINAL JUDGMENT OF INJUNCTION INCLUDING**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This cause coming to be heard on the motion of Plaintiff American International Group, Inc. ("AIG, Inc.") for Summary Judgment or in the Alternative for a Preliminary Injunction and to Sever its Claim for Damages (the "Plaintiff's Motion"), and Baron & Budd, P.C. and John Henry Pace's motion for summary judgment (the "Defendants' Motion") collectively (the "Motions"). The parties having been noticed and the Court being fully advised in the premises, and having jurisdiction over the parties and subject matter and after due deliberation, and upon the decision and findings read into the record at the hearing held by the court on November 27, 2007 as set forth

in the transcript of the decision of the Court (the "Transcript"), the Court enters the Findings of Fact, Conclusions of Law and Ordering paragraphs set forth herein.

## FINDINGS OF FACT

The Court makes the following Findings of Fact, each of which was either admitted in the Defendants' Answer (the "Answer") to the Complaint (See, District Court Docket for 07-C-1912 D.I. 20), admitted in Defendants' Response (the "Response") to AIG, Inc.'s Statement of Uncontested Facts pursuant to Local Rule 7056-2(2)(a) (D.I. 20), or is taken from the record of this Bankruptcy Case:

A.    AIG, Inc. is a business corporation organized under the laws of the State of Delaware with its headquarters in New York, New York. (See Answer at ¶ 4 and Response at ¶ 1.)

B.    AIG, Inc. is a holding company, a business corporation and the ultimate parent company of Granite State Insurance Company ("Granite State Insurance"). Granite State issued certain insurance policies to the Debtor ARTRA Group, Inc. ("ARTRA") in regards to asbestos claims. (See Answer at ¶¶ 11, 12, 14 and Response at ¶ 2.)

C.    Defendant Baron & Budd, P.C. ("Baron & Budd") is a Texas Professional Corporation. (See Answer at ¶ 5 and Response at ¶ 3.)

2

D.      Baron & Budd is the attorney for Defendant John Henry Pace

("Pace") and was a member of the Creditors' Committee of In re ARTRA Group, Inc.,

Case No. 02 B 21522 (PSH) (the "ARTRA Bankruptcy Case"). Alan B. Rich, Esq. of

Baron & Budd, is an appointee to the Trust Advisory Committee of the Asbestos Trust

established pursuant to the Order Confirming Amended Joint Reorganization Plan of

ARTRA Group, Incorporated, As Modified (the "Confirmation Order") and the Order

Affirming Order Confirming Amended Joint Reorganization Plan of ARTRA Group,

Incorporated, As Modified (the "District Court Confirmation Order") (together with the

Confirmation Order the "Confirmation Orders"). (See Response at ¶ 4.)

E.      Defendant Pace is an individual residing at 14086 State Highway

1888 Sinton Texas. (See Response at ¶ 5.)

F.      ARTRA filed the ARTRA Bankruptcy Case as a voluntary

petition under Chapter 11 of the Bankruptcy Code in this Court on June 3, 2002. (See

Answer at ¶ 15 and Response ¶ 8.)

G.      On or about April 20, 2006, this Court, by order titled "Order

Authorizing and Approving Settlement Agreement and Complete Policy Release

between ARTRA Group, Incorporated and Granite State Insurance Company" (the

3

"Granite State Order"), approved the Granite State Asbestos Coverage Settlement.[1]

(See Answer at ¶ 26 and Response at ¶ 9; see Bankruptcy docket at D.I. 969.)

        H.     Paragraph 1.10 of the Granite State Asbestos Coverage

Settlement defines Granite State as follows:

> "Granite State" means Granite State Insurance Company,
> on behalf of itself and, for purposes of the Release, all of
> its predecessors, successors, assigns, and their past,
> present and future affiliates, parents, holding companies,
> merged and/or acquired companies, subsidiaries, divisions
> and/or companies or corporations owned, controlled or
> under their common ownership or control, and each of
> their  respective  officers,  directors,  principals,
> shareholders,  employees,  attorneys,  accountants'
> consultants, representatives and agents in their capacity as
> such.

(See Response at ¶ 10.)

        I.     Paragraph 4.4 of the Granite State Asbestos Coverage Settlement

provides in part that "the ARTRA entities fully and completely release and forever

discharge Granite State from any and all past, present and future Claims . . . that the

ARTRA Entities ever had, may now have, or hereafter can, shall, or may have against

Granite State based upon, arising directly or indirectly, out of events concerning or

related to the Claims and Policies." (See Response at ¶ 11.)

---

[1]   The Confirmation Order adopts a Second Amended Glossary of Terms for Plan Documents (the "Glossary") to define terms included in such order. All capitalized terms used herein and not defined herein are defined in the Glossary.

4

J.      On November 3, 2006, an Amended Joint Reorganization Plan of

ARTRA Group, Inc. was jointly filed by ARTRA and the Creditors' Committee in this

Court (the "Plan"). The Plan was modified on January 24, 2007. (D.I. 1097, 1187)

K.      Baron & Budd was a member of the ARTRA committee and . . .

the ARTRA committee supported confirmation of the Artra Plan. (See Answer ¶ 20

and Response at ¶ 13.)

L.      Baron & Budd had notice of the ARTRA Plan and the contents of

that plan. (See Response at ¶ 14.)

M.      Defendant Pace voted to accept the plan. (See Answer at ¶ 22

and Response at ¶ 15.)

N.      On January 25, 2007, this Court entered the Confirmation Order.

(See Answer at ¶ 23 and Response at ¶ 16.)

O.      On February 16, 2007, the District Court entered the District

Court Confirmation Order. (See Answer at ¶ 24 and Response at ¶ 17.)

P.      In Ordering Paragraph 12 of the Confirmation Order, this Court

issued an Asbestos Permanent Channeling Injunction and a Supplemental Injunction.

The Confirmation Order states in part that:

> a.      In order to preserve and promote the settlements
> contemplated by and provided for in the Plan...all Entities
> which have held or asserted, which hold or assert, or

5

which may in the future hold or assert any Claim, demand (including any Demand), or cause of action (including, but not limited to, an Asbestos Personal Injury Claim and any Released Claim, or any Claim or demand for or respecting any Asbestos Trust Expense of the Trust) against the Released Parties, or any of them, based upon, relating to, arising out of, or in any way connected with any Released Claim or any Asbestos Personal Injury Claim, whenever and wherever arising or asserted (including, but not limited to, all such claims in the nature of or sounding in tort, contract, warranty or any other theory of law, equity, or admiralty) or against any Interest shall be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim, demand, cause of action, or Interest, including, but not limited to:

i. commencing or continuing in any manner any action or other proceeding of any kind against any of the Released Parties or against the property of any Released Party with respect to any such Claim, demand, cause of action, or Interest, based upon, relating to, arising out of, or in any way connected with any Released Claim, any Asbestos Personal Injury Claim or any Demand;

ii. enforcing, attaching, collecting, or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or against the property of any Released Party with respect to such Claim, demand, cause of action, or interest based upon, relating to, arising out of, or in any way connected with any Released Claim, any Asbestos Personal Injury Claim or any Demand;

iii. creating, perfecting or enforcing any Lien of any kind against any Released Party or the property of any Released Party with respect to any such Claim, demand, cause of action, or interest based upon, relating to, arising out of, or in any way

6

connected with any Released Claim, any Asbestos Personal Injury Claim or any Demand; and

v. taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, the Asbestos Trust or the Asbestos Trust Documents, relating to such Claim, demand, cause of action, or interest based upon, relating to, arising out of, or in any way connected with any Released Claim, any Asbestos Personal Injury Claim or any Demand.

(See Response at ¶ 18). (These provisions of the Confirmation Order are referred to herein as the "Injunction.")

Q. In Findings of Fact and Conclusions of Law Paragraph 18 of the Confirmation Order, the Granite State Asbestos Coverage Settlement was incorporated into and made part of the Plan. (See, Response at ¶ 19).

R. "Released Parties" is defined in paragraph 1.110 of the Glossary, to include "Released Non-Debtor Parties and any of their respective successors or assigns and each of their present and former directors, officers, agents, attorneys, accountants, financial advisors, investment bankers and employees in their capacity as such." (See, Response at ¶ 20).

S. "Released Non-Debtor Parties" is defined in paragraph 1.109(i) of the Glossary to include "the Granite State Released Parties." The Granite State Released Parties is defined in paragraph 1.82 of the Glossary as "those parties released under the Granite State Asbestos Coverage Settlement . . . but only to the extent provide

7

for thereunder subject to the terms of the Granite State Asbestos Coverage Settlement. Granite State Released Parties are Released Party as that term is defined within paragraph 1.110 of this Glossary." (See Response at ¶ 21.)

       T.    AIG, Inc. is the ultimate parent of Granite State and is also a holding company. (See Response at 24.)

       U.    Asbestos Personal Injury Claim is defined in Paragraph 1.17 of the Glossary as:

> "**Asbestos Personal Injury Claim**" means (a) any claim, or remedy, liability or demand whenever and wherever arising or asserted against the Debtor, its predecessors, successors, subsidiaries or Affiliates, or its present or former officers, directors or employees and (b) any debt, obligation or liability, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, bonded, secured, or unsecured, whenever and wherever arising or asserted, of the Debtor, its predecessors, successors, subsidiaries or Affiliates, or its present or former officers, directors or employees, including, but not limited to, all thereof in the nature of or sounding in tort, contract, warranty, or any other theory of law, equity or admiralty, whether or not the facts of or legal basis therefor are known or unknown, under any theory of law; in either case (a) or (b) for, relating to, or arising by reason of, directly or indirectly, death, physical, emotional, bodily or other personal injury or damages (including, but not limited to, any claim or demand for compensatory damages, loss of consortium, proximate, consequential, general, special or punitive damages, reimbursement, indemnity, warranty, contribution or subrogation) whether or not diagnosable or manifested before the Effective Date of the Plan, (x) caused or allegedly caused, in whole or in part, directly or indirectly by asbestos or asbestos-containing products

manufactured, sold, supplied, produced, distributed, released, advertised, or marketed by ARTRA or any of the Released ARTRA Parties, including, but not limited to, The Synkoloid Company, or (y) caused or allegedly caused by asbestos for which ARTRA or any of the Released ARTRA Parties is otherwise liable under any applicable law, whether or not arising or allegedly arising, directly or indirectly, from acts or omissions of the Debtor, its predecessors, subsidiaries of Affiliates, or its present or former officers, directors or employees, or any other Entity for or with which the Debtor or its successors are or may be liable, including, but not limited to, any claim, remedy, liability or demand for compensatory damages (such as loss of consortium, wrongful death, survivorship, proximate, consequential, general and special damages), punitive damages, and any claim, remedy, liability or demand for reimbursement, subrogation and contribution and any claim under any settlement entered into by or on behalf of ARTRA prior to the Petition Date relating to an Asbestos Personal Injury Claim...

(See Response at ¶ 27.)

V.     On April 27, 2006, Pace, though his attorneys Baron & Budd

filed a case against AIG, Inc. captioned  Pace v. American International Group, Inc.,

Cause No. 06-2150-A (the "Texas Action"). (See Response at ¶ 28.)

W.     Pace alleges in the Texas Action that:

6.     Plaintiff suffers from asbestosis and in 1999 he filed suit for his injuries [the "First Texas Proceeding"]. In 2002, his case went to trial in the 94th District Court and a jury returned a substantial verdict in his favor on February 22, 2002. The Court thereafter entered Final Judgment on March 22, 2002 against The Synkoloid Company a/k/a Synkoloid, A Division of Muralo, Inc. in the amount of $2,025,000.

9

7.    On May 9, 2002, Plaintiff entered into a written agreement which resolved the Final Judgment for a total of $725,000. This contract, hereinafter "the Settlement Agreement" ... is the subject matter of this suit.

8.    The Settlement Agreement has four parties: (a) the Plaintiff; (b) ARTRA Group, presently bankrupt, an entity responsible for the asbestos liabilities of Synkoloid, the defendant against which judgment was entered; (c) Kemper Insurance Company, which insured the asbestos liabilities of ARTRA and Synkoloid; and (d) Defendant AIG, which is the ultimate parent corporation of at least one insurance company which insured the asbestos liabilities of ARTRA and Synkoloid.

9.    The Settlement Agreement required the following payments on or before June 7, 2002: (a) Defendant AIG was required to pay the amount of $432,970.00; (b) Kemper Insurance was required to pay the amount of $94,322.50: (c) ARTRA was required to pay the amount of $197,707.50.

10.    The Plaintiff performed all of his obligations under the Settlement Agreement. Kemper Insurance performed its obligations under the Settlement Agreement. ARTRA Group, Inc. did not perform its obligations, but it filed bankruptcy on June 3, 2002. All conditions precedent to all other parties' performance have been met or waived.

(See Response at ¶ 29.)

10

## CONCLUSIONS OF LAW

The Court has reached the following conclusions of law:

AA.    This Court has jurisdiction over this adversary proceeding pursuant to the Order of reference entered by the Honorable Matthew F. Kennelly of the District Court on June 12, 2007.

BB.    This is a core matter in that it seeks to enforce the Confirmation Order entered by this Court.

CC.    The Injunction is an injunction issued by this Court and confirmed by the District Court pursuant to 11 U.S.C. 524(g) (Section 524(g) of the Bankruptcy Code). The Confirmation Order includes Findings of Fact and Conclusions of Law that all requirements of paragraph (2)(B) of Section 524(g) of the Bankruptcy Code were met and satisfied when the Injunction was issued.

DD.    Defendants supported and approved the Plan, the Confirmation Orders and the Injunction contained therein and are bound by them.

EE.    Pursuant to 11 U.S.C. 524(g)(3)(A)(i) the Injunction may not now be revoked or modified.

11

FF.    Plaintiff AIG, Inc. is a "Released Party" within the meaning of the Injunction.

GG.    Defendant Pace's claim against AIG, Inc. is "based upon," "related to" and "connected with" a Released Claim which is defined by the Injunction to include his Asbestos Personal Injury Claim against ARTRA and Synkoloid.

HH.    Since the date of the issuance of the Injunction by this Court on January 25, 2007, the continued prosecution of the Texas Action has been prohibited by the Injunction and continues to be prohibited by the Injunction.

The Transcript of this Court's proceedings of November 27, 2007 in this Adversary Proceeding is annexed hereto, and to the extent there are any additional Findings of Fact or Conclusions of law set forth in that Transcript, such findings and conclusions are incorporated herein.   Additionally, any Finding of Fact herein (paragraphs A to W) that includes a Conclusion of Law may be deemed a Conclusion of Law, and any Conclusion of Law herein (paragraphs AA to HH) that includes a Finding of Fact may be deemed a Finding of Fact.

BASED ON THE FOREGOING IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Plaintiff's Motion is GRANTED.

2.    Defendants' Motion is DENIED.

12

3.      Defendants Baron & Budd, P.C. and John Henry Pace are hereby permanently restrained and enjoined from asserting any further proceedings in the Texas Action (as defined in paragraph T herein), except for the dismissal of the same with prejudice, and said defendants are also enjoined from any other effort to seek to recover against plaintiff American International Group, Inc. or any other Released Party on account of the claim asserted by Mr. Pace in the Texas Proceeding, ~~or any other~~ *ort.* ~~claim deemed a Released Claim under the Injunction.~~

~~4.      Nothing herein shall prejudice any claim plaintiff may assert in a separate action seeking damages arising from the conduct enjoined hereunder.~~

_____
UNITED STATES BANKRUPTCY JUDGE

Date: _11-27-07_

COPY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 2 9 2008
KENNETH S. GARDNER, CLERK

| |
|---|
| IN RE |
| ARTRA GROUP, INC. |
| AMERICAN INTERNATIONAL GROUP, INC. |
| Plaintiff-Appellee |
| ~ against ~ |
| BARON & BUDD and JOHN HENRY PACE, |
| Defendants-Appellants. |

Appeal Case No. 07-A-00576

Chapter 11
Case No. 02-B21522 (PSH)

Adv. Pro. No. 07-00576 (PSH)
Hon. Pamela Hollis

## DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

Appellants, BARON & BUDD and JOHN HENRY PACE, by the undersigned attorney,

pursuant to Rule 8006, F.R.BANKR.P., hereby designates the record and states the issues to be

presented on appeal, as follows:

DESIGNATION OF RECORD

The following items are to be included in the record on appeal:

1.   American International Group, Inc.'s Motion for Summary Judgment or in the

     Alternative for a Preliminary Injunction and to Sever its Claim for Damages, attached

     notice, attached Statement of Uncontested facts, attached Memorandum of Law, and

     exhibits A through P, filed on or about July 26, 2007.

2.   Defendants Baron & Budd and John Henry Pace's Motion for Summary Judgment,

     attached notice, attached Memorandum of Law, attached Declaration of Sean R. Cox

in support, attached Statement of Uncontested facts, and exhibits A through J, filed on or about September 21, 2007.

3.    Response of Baron & Budd and John Henry Pace to Plaintiff American International Group, Inc.'s Motion for Summary Judgment or in the Alternative for a Preliminary Injunction, attached Memorandum of Law, attached Response to American International Group, Inc.'s Statement of Uncontested Facts, attached Declaration of Sean R. Cox, and Exhibits A and B, filed on or about September 21, 2007.

4.    Reply Memorandum of Law in Support of American International Group, Inc.'s Motion for Summary Judgment or in the Alternative for a Preliminary Injunction and to Sever its Claim for Damages and Response in Opposition to Defendants' Motion for Summary Judgment, filed on or about October 2, 2007.

5.    Transcript of hearing held on November 27, 2007.

6.    Bankruptcy court's judgment entered on January 10, 2008.

7.    Notice of Appeal filed on January 18, 2008.

8.    This Designation of Record and Statement of Issues on Appeal.

## STATEMENT OF ISSUES

The issues to be presented on appeal are:

1.    Whether the bankruptcy court erred in concluding that it had subject matter jurisdiction to enjoin defendant/appellant Pace's contract claim against non-debtor plaintiff-appellee American Insurance Group, Inc ("AIG") in Texas state court?

    (a)    Whether the bankruptcy court erred in concluding that Pace's state court contract claim was "related to" this (ARTRA's) bankruptcy, when it is

undisputed that Pace's claim did not seek to recover property of the debtor or of the trust created by the debtor, and there is no showing or allegation that Pace's claim has any impact on the bankruptcy estate?

(b) Whether the bankruptcy court erred in concluding that AIG is a "released party" under the plan of reorganization and channeling injunction?

(c) Whether a party can create or confer subject matter jurisdiction by voting to confirm a bankruptcy plan?

2. Whether the bankruptcy court erred in enjoining Pace from enforcing AIG's liability under the contract executed by AIG in Texas?

Dated:   January 25, 2008   .

Respectfully submitted,

BARON & BUDD, P.C.

By:   _____

Sean R. Cox, Esq. (*pro hac vice*)
The Centrum Building
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605
(214) 599-1171 (Fax)
scox@baronbudd.com

~ *and* ~

Marc Chalfen, Esq. (ARDC No. 00422584)
KELLY, OLSON, MICHOD, DEHAAN
    & RICHTER, L.L.C.
30 S. Wacker Drive, #2300
Chicago, Ill. 60606
(312) 236-6700
(312) 236-6706 (Fax)

*Attorneys for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of January, 2008, a true and correct copy of the foregoing document was served via U.S. First Class Mail, postage prepaid, upon all known counsel of record, as follows:

Michael S. Davis
ZEICHNER, ELLMAN
   & KRAUSE LLP
575 Lexington Ave.
New York, NY 10022

Clausen Miller
Colleen A. Brown
John F. O'Brien
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, IL 60603

Sean R. Cox