IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., | § § § § § § § § § § § § § | |
| Appellee, | | Civil Case No. 08-C-945 |
| ~ against ~ | | Hon. David H. Coar |
| BARON & BUDD, P.C. and JOHN HENRY PACE, | | |
| Appellants. | | |

On appeal from the United States Bankruptcy Court
for the Northern District of Illinois, Eastern Division
Case No. 02B 21522
Adversary Proceeding No. 06-1329

---

### SUR-REPLY BRIEF OF THE APPELLEE

---

Michael S. Davis *(Bar I.D. No. 1226851)*
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400 (telephone)
(212) 753-0396 (fax)
*Lead Counsel for Appellee*

Margaret J. Orbon *(Bar I.D. No. 2114925)*
Colleen Brown *(Bar I.D. No. 6269463)*
John F. O'Brien III *(Bar I.D. No. 6290370)*
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) 855-1010 (telephone)
(312) 606-7777 (fax)
*Local Counsel for Appellee*

*(Additional Counsel listed on following page)*



1191289.1

James V. Hoeffner *(Bar I.D. No. 09772700)*
THOMPSON COE COUSINS & IRONS, LLP
701 Brazos, Suite 1500
Austin, Texas 78701
(512) 703-5070 (direct)
(512) 708-8777 (fax)
(Admitted to the U.S.D.C. for the N. Dist. of Ill.)

Guy N. Webster *(Bar I.D. No. 140427)*
LYNBERG & WATKINS
888 S. Figueroa Street, 16th Floor
Los Angeles, California 90017-2516
(213) 624-8700 (telephone)
(213) 892-2763 (fax)
(Admitted to the U.S.D.C. for the N. Dist. of Ill.)

1191289.1

As anticipated, defendant-appellants Baron & Budd P.C. and John Henry Pace (jointly, "Defendants") deliberately withheld discussing 11 U.S.C. § 524(g) – the statute pursuant to which the channeling injunction being appealed was issued – until their reply. Under well-settled circuit law, Defendants waived their 524(g) argument by not making it until reply, and it should not be considered by the Court. See Brief of Plaintiff-Appellee American International Group, Inc. ("AIG, Inc.") at 12-15 (and cases cited).

Even if the Court were to consider it, Defendants' 524(g) argument is baseless. As discussed in AIG, Inc.'s original brief, the issues before the Bankruptcy Court were narrow and straightforward. Section 524(g) expressly protects non-debtors like AIG, Inc. from asbestos-related liability, through the mechanism of an Asbestos Permanent Channeling Injunction. See 11 U.S.C. § 524(g). In this case, the Channeling Injunction – which was specifically supported and voted for by Defendants – permanently enjoins "all Entities" from asserting against any "Released Party" any Claim, demand, or cause of action "based upon, relating to, arising out of, or in any way connected with any Released Claim." District Court Confirmation Order at ¶ 12. Under the plain language of the Amended Joint Reorganization Plan ("Plan"), AIG, Inc. is a "Released Party" and the claim in the Texas Action was "based upon," "related to" and "connected with" a Released Claim. See Final Judgment of Injunction. Accordingly, the Bankruptcy Court properly enforced the pre-existing Injunction against Defendants and the Texas Action. Id.; see also AIG, Inc. Br. at 1-15.

In reply, Defendants concede that -- contrary to the argument in their opening brief -- "Congress enacted 11 U.S.C. § 524(g) to make clear that bankruptcy courts could, as part of a plan of reorganization of a debtor with asbestos liability, enjoin creditor actions against a third party who contributes to the compensation trust created by the plan." Def. Reply Br. at 3-4. Defendant's now contend, however, that AIG, Inc. is not among the four categories of protectable non-debtors enumerated in § 524(g)(4)(A)(ii). This argument, which was never made to the Bankruptcy Court below or in Defendants' opening brief, is estopped, untimely, and prohibited. Moreover, it is simply wrong.

1

1191289.1

A.  **Defendants' Attack On The Channeling Injunction Is Estopped**

Based on their prior actions, Defendants are estopped from attacking the Channeling Injunction. Specifically, Mr. Pace voted to accept the Plan and its Channeling Injunction, and Baron & Budd P.C. was a member of the Creditors Committee that proposed the Plan. As the Bankruptcy Court stated:

> Mr. Pace did not object to this Injunction at the time that the Plan was confirmed, given his contractual claim against AIG. . . . Mr. Pace voted for the plan and voted for the injunction and I am now enforcing it.

11/27/07 Tr. at 8:8-16 (Bankruptcy Court). Having proposed, voted for, and accepted, $58 million in benefits under the Plan, Defendants are bound by the injunction integral to that Plan.

B.  **Defendants' Attack On The Channeling Injunction Is Untimely And Prohibited**

Section 524(g)(3)(A)(i) provides that, once the time to appeal the Channeling Injunction has lapsed (as it has here), the injunction "shall be valid and enforceable and may not be revoked or modified." Accordingly, Defendants' attack is untimely and entirely prohibited. The Channeling Injunction "may not be revoked or modified;" it must be enforced according to its plain terms, which include AIG, Inc. as a "Released Party," and any claim in "contract" "relating to, or arising by reason of, directly or indirectly" to an asbestos claim as a "Released Claim." See AIG, Inc. Br. at 4-7, 10-12.

C.  **Defendant's Attack is Meritless; The Channeling Injunction Plainly Reaches Mr. Pace's Contract Claim**

A channeling injunction "may bar any action directed against a third party . . . to the extent such alleged liability of such third party arises by reason of . . . the third party's provision of insurance to the debtor or related party." 11 U.S.C. § 524(g)(4)(A)(ii)(III). Defendants' contention that this statutory provision applies to AIG, Inc. subsidiary Granite State, but not AIG, Inc. itself (Def. Reply Br. at 4, 6), is meritless.

The underlying Plan containing the Channeling Injunction expressly defines "Granite State" to include both "Granite State Insurance Company" and "for purposes of the Release all of its . . . parents, holding companies." Granite State Asbestos Coverage Settlement, ¶ 1.10

2

(incorporated and made part of the Plan). Thus, Defendants expressly recognized and agreed that Granite State (and the Channeling Injunction) included AIG, Inc. Indeed, in the Texas Action, Defendants described AIG, Inc. as "the ultimate parent corporation of at least one insurance company [Granite State] which insure the asbestos liability of ARTRA and Synkoloid." 4/27/06 Texas Complaint ¶ 7.

Similarly, the Texas Settlement Agreement Defendants sought to enforce in the Texas Action, in circumvention of the Channeling Injunction, specifically characterizes AIG, Inc. as an "insurer" liable to Mr. Pace "under the judgment" against Synkoloid for his asbestos injuries. See 5/9/02 Memorandum of Understanding at ¶ 3 (R. 1) (copy attached hereto as Exhibit A). Defendants cannot seek to hold AIG, Inc. liable in the Texas Action as ARTRA's "insurer" under the Memorandum of Understanding, while contending before this Court that AIG, Inc. is not protected by the Channeling Injunction because it did not provide insurance.

In short, Defendants' newly-minted contention that the Plan, the Channeling Injunction, and/or § 524(g) does not apply to AIG, Inc. is a mere contrivance.

## CONCLUSION

For each and every one of the foregoing reasons, and those set forth in AIG, Inc.'s original brief, the Bankruptcy Court's Final Judgment of Injunction should be affirmed.

Dated: June __, 2008

Respectfully submitted,

/s/ Colleen A. Brown
Colleen A. Brown
Clausen Miller P.C.

Michael S. Davis *(Bar I.D. No. 1226851)*
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400 (telephone)
(212) 753-0396 (fax)

Margaret J. Orbon *(Bar I.D. No. 2114925)*
Colleen Brown *(Bar I.D. No. 6269463)*
John F. O'Brien III *(Bar I.D. No. 6290370)*
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) 855-1010 (telephone)
(312) 606-7777 (fax)

James V. Hoeffner *(Bar I.D. No. 09772700)*
THOMPSON COE COUSINS & IRONS, LLP
701 Brazos, Suite 1500

Guy N. Webster *(Bar I.D. No. 140427)*
LYNBERG & WATKINS
888 S. Figueroa Street, 16th Floor

1191289.1

| | |
|---|---|
| Austin, Texas 78701 | Los Angeles, California 90017-2516 |
| (512) 703-5070 (direct telephone) | (213) 624-8700 (telephone) |
| (512) 708-8777 (fax) | (213) 892-2763 (fax) |
| (Admitted to U.S.D.C. for the N. Dist. of Ill.) | (Admitted to U.S.D.C. for the N. Dist. of Ill.) |

ATTORNEYS FOR AMERICAN INTERNATIONAL GROUP, INC.

4

1191289.1

05/30/2002 14:45 FAX                                                                    ☒002/003

## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding, dated this 9th day of May, 2002, sets forth the understanding under which the Parties hereto have settled the matter of *John Henry Pace v. Synkoloid, A Division of Muralo, Inc.*, No. 99-4393-C (94th Dist. Ct. of Nueces County, Texas) (the "Litigation").

WHEREAS the parties to this Memorandum, John Henry Pace ("Plaintiff"), ARTRA Group, Inc., Kemper Insurance Company and AIG (the "Parties") have, after arms-length negotiations, reached a Settlement of the Litigation, and desire to memorialize said Settlement along the following terms, it is therefore agreed that:

1. The Litigation is, as among the Parties, fully and finally settled.

2. The terms of this Settlement are as follows: (a) the Plaintiff in the Litigation shall receive the amount of $725,000, which amount shall be paid by wire transfer(s) or by check to an account(s) of Plaintiff's counsel designated in writing by Plaintiff's counsel; (b) said $725,000 shall be paid by the following entities (or their designees) in the following form – (i) on or before June 7, 2002, such that it is received by Plaintiff's counsel on or before said date during normal business hours, $432,970.00 (59.72%) shall be paid in cash by AIG;; (ii) $197,707.50 (27.27%) shall be paid in cash by ARTRA Group Inc., a wholly owned subsidiary of Entrade, Inc.; and (iii) Kemper Insurance Company shall pay $94,322.50 (13.01%); (c) until such time as the $725,000 called for by this Memorandum is paid in full, ARTRA Group, Inc. shall provide a security interest under (but not limited to) Article 9 of the Uniform Commercial Code in favor of the Plaintiff in and to all proceeds of all policies of liability insurance under which ARTRA Group, Inc. or its predecessors or assignees is an insured, whether named or otherwise; (d) the Parties shall execute mutual releases.

 ※ ‖

3. If any other persons or entities have liability to the Plaintiff arising from asbestos related injuries or under the judgment entered in the Litigation, said liability shall continue despite this Settlement; provided, however, that following the payments contemplated hereunder, ARTRA Group, Inc., Kemper Insurance Company and AIG shall have no such further liability to the Plaintiff or under the judgment under any circumstances whatsoever. The Parties understand and agree that should ARTRA Group, Inc. fail to pay their portion of this settlement, Pace will not attempt to collect ARTRA Group Inc.'s portion of this settlement directly <u>from the insurers listed above in pargraph 2;</u> provided, however, that nothing herein is intended to prevent or impede Pace from seeking to collect ARTRA Group, Inc.'s portion of the settlement from ARTRA Group, Inc. itself, or from any other entity aside from the insurers listed in paragraph 2, regardless of from where the ultimate source of the funds for ARTRA Group, Inc.'s payment derives.

 ※ ‖



EXHIBIT A

/30/2002 14:45 FAX                                                                    ☒003/003

4. The Parties agree (although not as a condition precedent to this Settlement) that they shall draft and execute the mutually acceptable further documentation, including releases, called for by this Memorandum as soon as practicable.

EXECUTED as of the date set forth above:

JOHN HENRY PACE

By: _____
for Baron & Budd, PC, his attorneys

ARTRA GROUP, INC.

By: _____
Its Attorney in fact

AIG

By: _____
Its Attorney in fact

KEMPER INSURANCE COMPANY

By: _____
Its Attorney in fact