# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 8 C 945 | **DATE** | 11/01/2010 |
| **CASE TITLE** | Pace et al. vs. AIG | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Appellants' motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5) [43] is GRANTED. Appellants may file a notice of appeal within 10 days of this order.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On March 30, 2010, this Court affirmed the bankruptcy court's decision granting summary judgment for Appellee AIG and enjoining Appellants Pace and Baron & Budd from pursuing their action against AIG in Texas state court. Appellants had until April 29, 2010 to file a notice of appeal under Fed. R. App. P. 4(a)(1), but they failed to do so. Instead, on May 27, 2010, Appellants filed the instant motion for an extension of time pursuant to Fed. R. App. P. 4(a)(5)(A)(ii).*

A district court may extend the time for filing a notice of appeal if the appellant can demonstrate "excusable neglect." Fed. R. App. P. 4(a)(5)(A)(ii). The court's decision to grant such relief is discretionary, *see Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 700 (7th Cir. 2004), and it involves the consideration of several factors, including: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

Appellants claim that their lead counsel, Brent Rosenthal, was unable to file a timely notice of appeal because the Court's electronic notice was diverted into a blocked e-mail folder at his firm. In support of this explanation, Appellants offer Rosenthal's affidavit and an affidavit from Debbie Finch, the manager of information technology at Baron & Budd, who corroborates Rosenthal's claim that the Court's notice was directed to a blocked e-mail folder. Attached to Finch's affidavit is a snapshot of a computer screen showing that the firm's e-mail system classified the Court's notice to Rosenthal as spam. Rosenthal claims that he first learned of the Court's decision when he independently checked the docket on May 20, 2010. He filed the instant motion on behalf of Appellants seven days later.

Rosenthal aside, the Court's electronic notice evaded all five other attorneys of record. According to

# STATEMENT

Appellants, the two other attorneys from Baron & Budd, Alan Rich and Sean Cox, have since left the firm. Rich left in September 2007, well before the January 2008 appeal in this case, raising the question why he is listed as counsel of record at all. Cox, who filed the notice of appeal from the bankruptcy court's decision on January 18, 2008, apparently left Baron & Budd before the appeal was assigned to this Court on February 14, 2008. Of the three attorneys who served as local counsel in this case, David Adduce, James Stephenson, and Marc Chalfen of Kelly, Olson, Michod, DeHaan & Richter, LLC, none filed an appearance or signed up for electronic notice. Appellants argue that they were not required to do so based on the version of Local Rule 83.15 in effect at the time, which stated that local counsel "shall not file a separate appearance unless he/she is to participate in the case beyond the extent required of an attorney designated pursuant to this Rule." (Dkt. 57- Reply Br. at 19.)

In response to Appellants' motion, Appellee AIG argues that Appellants' neglect is inexcusable, and therefore the Court should not grant their motion for an extension. AIG begins by dismissing Appellants' excuse as a modern version of the classic "my dog ate my homework" line. As AIG next points out, it is certainly troubling that notice of the Court's March 30 ruling evaded all six attorneys of record for Appellants. This is especially so where Local Rule 83.15 mandates that local counsel "shall be responsible for receiving service of notices, pleadings and other documents and promptly notifying the designating attorney of their receipt and contents." (*Id.*) Finally, AIG argues that, Appellants' overactive spam filter aside, they defied their responsibility to monitor the docket and should be held responsible for their neglect.

Although the question is close, the Court finds that Appellants' neglect is "excusable" within the meaning of Fed. R. App. P. 4(a)(5). AIG cites numerous cases in support of the proposition that attorneys are obligated to monitor the court's docket and therefore cannot blame missed deadlines on their failure to receive electronic notice. Of course attorneys have a responsibility to check the docket in their cases, and this Court's general standing order says as much: "Parties are advised to watch for e-mails, and check the docket for the status of any motion filed." Judge David. H. Coar Homepage, **http://www.ilnd.uscourts.gov/home/JudgeInfo.aspx** (last visited Oct. 26, 2010). Nevertheless, in the cases where courts have held attorneys accountable for failing to monitor the docket, the attorneys' neglect far surpasses the neglect conceded in this case. Unlike here, the cases cited by AIG involve situations where an attorney's malfunctioning e-mail is just one example of the attorney's overall lack of diligence. *See Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) (affirming denial of plaintiffs' Rule 59(e) motion to vacate dismissal of amended complaint where counsel claimed that he never received electronic notice of defendant's second motion to dismiss even though his later filing repeatedly referred to a pending motion to dismiss and his failure to receive a timely answer to the amended complaint should have aroused his suspicion and prompted him to check the docket); *Tobin v. Granite Gaming Group II, LLC*, No. 2:07-CV-577-BES-PAL, 2008 WL 723337 (D. Nev. Mar. 17, 2008) (discounting counsel's spam filter excuse where she repeatedly failed to comply with court orders, discovery obligations, and federal and local rules and routinely failed to appear in court); *In re Philbert*, 340 Br. 886, 891 (Bkrtcy. N.D. Ind. 2006) (rejecting spam filter excuse where counsel failed to show up for hearing on his motion to stay because "counsel knew he was initiating proceedings that had to be dealt with expeditiously," selected the deadlines for objections to his motion, and should have expected imminent activity in the case). Additionally, in some of the cases cited by AIG, courts rejected excuses like Appellants out of disbelief. *See Moore v. U.S.*, No. S 04-0423 FCD JFM, 2005 WL 1984745, at *3 (E.D. Cal. Aug. 17, 2005), *rev'd,* 262 Fed.Appx. 828 (7th Cir. 2008) (rejecting counsel's spam filter excuse where "serious questions cast doubt on his explanation" and the court of appeals later found that counsel's overall non-responsiveness amounted to gross negligence); *Tobin*, 2008 WL 723337, at *10 ("Even if the Court were to accept this explanation regarding the spam filter, which it does not, Plaintiff's counsel was clearly on notice that motions were pending before this Court . . ."). Unlike these cases, the Court has no reason to doubt the veracity of counsel's explanation here, which is supported by an

| STATEMENT |
|---|
| affidavit and evidence from his firm's information technology manager.<br><br>     There can be no doubt that Appellants are guilty of neglect in this case, and they admit as much. Local counsel defied their duty under Local Rule 83.15 to receive and transmit notice to Texas counsel. Both local and Texas counsel had a responsibility to monitor the docket, and both failed to do so effectively. However, unlike the cases cited by AIG, in which highly active dockets required attorneys' constant attention, the Court acknowledges that there was no activity in this case from July 2008 to March 2010. That fact does not excuse counsel's failure to monitor the docket, but it adds some support for the conclusion that Appellants' neglect was "excusable." Lending further support to this conclusion, counsel has otherwise been diligent and promptly filed the instant motion upon learning of the Court's March 30 decision. Finally, the short delay in filing notice of appeal cannot conceivably prejudice AIG. *See McCarty*, 528 F.3d at 545 ("[T]here is unlikely ever to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has a limited time period to request relief . . . hence there will never be a terribly long delay."). Because the Court finds that Appellants' neglect was "excusable," and they filed the current motion within the timeframe prescribed by Fed. R. App. P. 4(a)(5)(A)(i), Appellants' motion to extend time to file a notice of appeal is GRANTED. The Court grants Appellants permission to file a notice of appeal within ten days of this order. |

\* Initially, Appellants also moved to reopen the time to file a notice of appeal under Fed. R. App. P. 4(a)(6), arguing that they never "received" notice of the Court's March 30, 2010 order pursuant to Fed. R. Civ. P. 77(d). Appellants ultimately conceded that they "received" notice within the meaning of Fed. R. Civ. P. 77(d) and therefore abandoned their pursuit of relief under Fed. R. App. P. 4(a)(6).